UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor,<br>United States Department of Labor,<br>200 Constitution Avenue, N.W.<br>Washington, D.C. 20210,<br><br>       Plaintiff,<br><br>   v.<br><br>AMERICAN POSTAL WORKERS UNION<br>LOCAL 1,<br>4217 S. Halsted St.<br>Chicago, IL 60609<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Martin J. Walsh, Secretary of Labor, by and through his attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, alleges as follows:

### Nature of the Case

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA or Act), 29 U.S.C. §§ 481-483, for a judgment declaring that the December 16, 2020 election conducted by the American Postal Workers Union, Local 1 (Defendant or Union) for the offices of President, Secretary-Treasurer, Director of Industrial Relations/ Research and Education, Director of Organization, Director of Human Relations, Clerk Craft Director, Assistant Clerk Craft Director A, Assistant Clerk Craft Director B, Trustee Clerk Craft Division, Director MVS Craft Division, Assistant Director Maintenance MVS Division, and Assistant Director Maintenance Craft Division is void, and directing Defendant to conduct new

nominations and a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

## Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. This Court may exercise personal jurisdiction over Defendant because Defendant maintains its principal office in the City of Chicago, Illinois.

4. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## Parties

5. Plaintiff Martin J. Walsh is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

6. Defendant is, and at all times relevant to this matter has been, an unincorporated association maintaining its principal office in and residing within the County of Cook, Illinois, within the jurisdiction of this District.

## Factual Allegations

7. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) and 401(b) of the Act, 29 U.S.C. §§ 402(i) and (j) and 481(b).

8. Defendant represents approximately 1,820 active and retired United States Postal Service (USPS) employees from various postal facilities throughout the Chicago, Illinois metropolitan area.

9. Defendant, purporting to act pursuant to its Constitution and Bylaws of the Chicago Illinois Local, American Postal Workers Union (APWU), AFL-CIO, as amended February 12, 2017, conducted an election of officers on December 16, 2020, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-483).

10. On February 23, 2020, Defendant mailed to all members an initial combined nominations and election notice, announcing, in part: "An election for the officers will be held between April 4, 2020 and April 30, 2020."

11. Defendant held a nominations meeting on March 8, 2020.

12. The election was postponed indefinitely due to the COVID-19 pandemic. On or about March 26, 2020, Defendant posted notice of the election postponement at the Union hall and members' worksites.

13. In April 2020, a pre-election protest was filed with the APWU National Election Appeals Committee (NEAC) concerning the March 8, 2020 nominations.

14. By letter dated June 4, 2020, the NEAC ordered Defendant to conduct new nominations for seven offices.

15. On August 27, 2020, Defendant's Local Election Committee (LEC) mailed a letter to all candidates—as well as posted it at members' worksites—announcing that new nominations for seven officer positions would be held on October 4, 2020.

16. In or around the first week of October 2020, the LEC mailed a combined nominations and election notice to all members announcing that the nominations meeting would now be held virtually on October 11, 2020. The notice stated, in part: "Ballots will be mailed out in between the dates October 30th – November 4th. To be valid ballots must be in the designated P.O. box at 2:00 pm on December 1st, 2020."

17. On November 9, 2020, Defendant mailed ballot packages to Defendant's members who were eligible voters with a voting instruction sheet which stated, in part: "In order to be counted, your ballot must be received by 1 pm Tuesday, December 1, 2020 at P.O. Box 554, Berwyn, IL 60402." The voting instruction sheet also provided a procedure for requesting duplicate ballots through November 24, 2020.

18. On November 24, 2020, Defendant's Local Election Committee (LEC) sent a certified mailing notifying candidates that the December 1, 2020 ballot tally was being postponed "to a date to be determined" because of "the union office being exposed to the COVID-19 virus." In this notice, the LEC stated that it would "continue to accept ballots received after Dec. 1st, and [would accept] replacement ballot [requests] until Dec. 1st."

19. Defendant did not mail notice to all members that the December 1 election was postponed and that Defendant would continue to accept ballots received after December 1 and replacement ballot requests until December 1.

20. On December 1, 2020, Defendant paid USPS postage for 426 ballots mailed to its post office boxes but did not retrieve any of the ballots.

21. On December 13, 2020, the LEC emailed candidates that the ballot tally would take place on December 16, 2020, and that ballots would be picked up from the post office on that date at 1:00 p.m.

22. Defendant did not mail notice to all members that the ballot tally would take place on December 16, 2020.

23. On December 16, 2020, Defendant paid postage for an additional 163 ballots that had arrived after December 1, 2020.

24. On December 16, 2020, Defendant picked up 599 ballots from its post office boxes and tallied them for the election. There were 457 envelopes that had postmarks or postage paid dates between November 12 and December 1, 2020; 59 envelopes were postmarked between December 2 and 14, 2020; and 83 envelopes did not have a postmark.

25. The margin of victory in each of the affected races was as follows:

| Office | Margin |
|---|---|
| President | 19 |
| Secretary-Treasurer | 195 |
| Director of Industrial Relations/Research and Education | 48 |
| Director of Organization | 118 |
| Director Human Relations | 107 |
| Clerk Craft Director | 21 |
| Assistant Clerk Craft Director A | 7 |
| Assistant Clerk Craft Director B | 1 |
| Trustee Clerk Craft Division | 95 |
| Director MVS Craft Division | 24 |
| Assistant Director Maintenance MVS Division | 4 |
| Assistant Director Maintenance Craft Division | 26 |

26. There were 1,181 members who were eligible to vote in the election but did not do so. This number far exceeds the margins of victory in every race.

27. By letter hand-delivered to Defendant on December 19, 2020, the Complainant, Antoinette Washington, a member in good standing of Defendant, protested the election.

28. By letter dated December 21, 2020, Defendant's LEC denied the protest.

29. Washington appealed the decision of the LEC to the APWU National Election Appeals Committee (NEAC) by letter dated December 25, 2020.

30. By letter dated February 1, 2021, to Washington and Defendant's LEC, NEAC acknowledged Washington's appeal and requested that Washington provide any additional information that supports her appeal.

31. By letter dated February 23, 2021, to Washington, the NEAC denied the appeal.

32. The LEC's December 21, 2020 denial of Washington's December 19, 2020 protest did not state that the protest was untimely.

33. The NEAC's February 23, 2021 denial of Washington's December 25, 2020 appeal did not state that the appeal or protest was untimely.

34. Having exhausted the remedies available and having received a final decision, Washington filed a timely complaint with the Secretary of Labor on March 1, 2021, within the one calendar month required by section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

35. By letter signed May 20, 2021, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to July 6, 2021.

36. By letter signed June 2, 2021, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to July 27, 2021.

37. By letter signed June 25, 2021, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to August 24, 2021.

38. Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and, as a result of the facts shown by the investigation, found probable cause to believe that (1) a violation of Title IV of the Act, 29 U.S.C. §§ 481-483, had occurred in the conduct of Defendant's December 16, 2020

election; and (2) that such violation had not been remedied at the time of the institution of this action.

## Cause of Action

39. Section 401(e) of the Act, 29 U.S.C. § 481(e), provides that "[n]ot less than fifteen days prior to the election notice thereof shall be mailed to each member at his last known home address."

40. The Department's regulation at 29 C.F.R. § 452.104(b) states: "Should a union change the date of an election from the date originally announced in the mail notice to the members, it must mail a second notice, containing the correct date, at least 15 days before the election."

41. Defendant violated section 401(e) of the LMRDA, 29 U.S.C. § 481(e), when it changed the date of the mail ballot election from the December 1, 2020 date originally announced in the October 2020 mail notice and the November 9, 2020 voting instructions without mailing an additional notice containing the correct election date of December 16, 2020, to the members at least 15 days before the election. *See id.*

42. The above violation of section 401(e) of the LMRDA, 29 U.S.C. § 481(e), may have affected the outcome of the election of the races for all contested officer positions in Defendant's December 16, 2020 election.

## Request for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

(a) declaring Defendant's election for the offices of President, Secretary-Treasurer, Director of Industrial Relations/Research and Education, Director of Organization, Director of Human Relations, Clerk Craft Director, Assistant Clerk Craft Director A, Assistant Clerk Craft

7

Director B, Trustee Clerk Craft Division, Director MVS Craft Division, Assistant Director Maintenance MVS Division, and Assistant Director Maintenance Craft Division to be null and void;

(b) directing Defendant to conduct a new election, including new nominations, for the offices of President, Secretary-Treasurer, Director of Industrial Relations/Research and Education, Director of Organization, Director of Human Relations, Clerk Craft Director, Assistant Clerk Craft Director A, Assistant Clerk Craft Director B, Trustee Clerk Craft Division, Director MVS Craft Division, Assistant Director Maintenance MVS Division, and Assistant Director Maintenance Craft Division, under the supervision of Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Respectfully submitted,

BRIAN BOYNTON
Acting Assistant Attorney General

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Craig A. Oswald
    CRAIG A. OSWALD
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-9080
    craig.oswald@usdoj.gov

OF COUNSEL:

SEEMA NANDA
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

JEFFREY LUPARDO
Counsel for Labor-Management and Civil Rights Enforcement

LINDSY LEE
Senior Attorney
U.S. Department of Labor